UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JAMES BRETT MARCHANT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:06-cv-02631 PHX  JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| | ) | [Re: Motion at Docket 13] |
| KATHY L. JAMIESON, JAMES | ) | |
| JAMIESON, and KASSIE KIENTZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 13, defendant James Jamieson moves for an award of attorney's fees and costs  in the amount of $4,653.00 pursuant to Federal Rule of Civil Procedure 54. At docket 14, plaintiff James Marchant opposes the motion.  Defendant replies at docket 15.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

On September 22, 2006,  plaintiff James Marchant ("plaintiff") filed a complaint in Arizona Superior Court against defendants Kathy Jamieson, James Jamieson, and Kassie Kientz.  Plaintiff's complaint makes the following allegations against defendant Kathy Jamieson:  In 1996 plaintiff separated from his former wife and began living with

Kathy Jamieson. Plaintiff's divorce from his former wife was final in May 1998. Between 1996 and 1998, plaintiff learned of several real estate investment opportunities and was advised by his divorce attorney not to take title to new investments in his own name. Kathy Jamieson, who was already managing payments on plaintiff's prior real estate investments, agreed to hold title in her name to two properties, referred to as the Sangria and Ellsworth properties, and to transfer title to plaintiff once his divorce was final. In exchange, Ms. Jamieson was to receive a ten percent interest in these properties. Ms. Jamieson did not transfer title of the properties after plaintiff's divorce was final. Ms. Jamieson also agreed to close the sale of a third property, referred to as the Ellsworth property, in plaintiff's name, but closed the sale in her own name without plaintiff's knowledge or consent. Ms. Jamieson made these false representations in order to steal the properties from plaintiff. In addition, Ms. Jamieson forged plaintiff's signature on checks made out to plaintiff and deposited them in her own account, and she wrongfully withdrew money from plaintiff's business account. On an undisclosed date, plaintiff and Kathy Jamieson were married. Ms. Jamieson filed for legal separation from plaintiff in May 2003, and the couple subsequently divorced.

Plaintiff's complaint makes the following allegations against defendant James Jamieson:

The Defendant, Jim Jamieson is believed and therefore alleged to hold an unrecorded interest in the Sangria, Ellsworth, and George properties. To further this scheme he deposited money into the bank accounts of Defendant Kassie Kientz to be used by Kathy [Jamieson] to support herself while she pursue[d] unjustified claims and litigation in Maricopa County cause number FN2003-092151. He also funded the legal and expert fees for the divorce case, and

helped pay off the final balloon payment on the Ellsworth property.  He is liable for the damages sought against Kathy as her co-conspirator.[1]

Plaintiff's complaint alleges claims of fraud, consumer fraud,  unjust enrichment, interference with privacy, and conversion against all defendants.  The complaint seeks actual and consequential damages for the above claims, as well as punitive damages for defendants' "willful and malicious acts."[2]  Defendants removed plaintiff's complaint to federal court on the basis of diversity under 28 U.S.C. § 1441.[3]

On November 13, 2006, defendant James Jamieson (hereinafter "defendant") moved to dismiss all of plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action upon which relief can be granted.[4]  Defendant also moved for sanctions pursuant to Federal Rule of Civil Procedure 11.  Plaintiff did not file an opposition to the motion.  By order dated February 9, 2007, the court granted defendant's motion to dismiss all claims against defendant James Jamieson and denied defendant's motion for sanctions on procedural grounds.[5]  Defendant now moves for an award of the reasonable costs and attorney's fees incurred in defending this action.

---

[1]Complaint at 13, doc. 1.

[2]Complaint at 10-11, doc. 1.

[3]Doc. 1.

[4]Doc. 7.

[5]Doc. 12.

## III.  DISCUSSION

Defendant requests an award of attorney's fees under A.R.S. § 12-341.01(A).

Pursuant to A.R.S. § 12-341.01(A), "[i]n any contested action arising out of a contract,

express or implied, the court may award the successful party reasonable attorney fees."

The purpose of an award under A.R.S. § 12-341.01(A) is to "mitigate the burden of the

expense of litigation to establish a just claim or a just defense."[6]  Fees awarded under

the statute "need not equal or relate to the attorney fees actually paid or contracted,

but...may not exceed the amount paid or agreed to be paid."[7]

The parties do not dispute that this was a contested action and that defendant

was the "successful party" as a result of the court's order dismissing plaintiff's claims

against defendant.  At issue is whether this action "aris[es] out of a contract, express or

implied."  Plaintiff argues that "[t]here was never an allegation that this matter arose out

of contract regarding James Jamieson."[8]  Defendant argues that because plaintiff's

complaint alleges an oral agreement between plaintiff and defendant Kathy Jamieson,

the underlying action in this matter is grounded in contract, and defendant James

Jamieson is entitled to an award of reasonable attorney's fees and costs pursuant to

A.R.S. § 12-341.01(A).

---

[6]A.R.S. § 12-341.01(B); *Building Innovation Industries, L.L.C. v. Onken*, 2007 WL 158737, *7 (D. Ariz. 2007).

[7]A.R.S. § 12-341.01(B).

[8]Doc. 14 at 1.

In determining whether the claim is one arising out of a contract, the court looks to the "nature of the action and the surrounding circumstances," regardless of the form of the pleadings.[9]  In the past, Arizona courts have broadly interpreted what types of transactions are included within the clause "arising out of a contract."[10]

In *Sparks v. Republic*, the Arizona Supreme Court decided the question of whether an insurer's torts of bad faith and misrepresentation are actions "arising out of a contract."[11]  Citing *Wenk*, the court ruled that "attorney's fees may be awarded pursuant to § 12-341.01(A) based upon facts which show a breach of contract, the breach of which may also constitute a tort."[12]  "The fact that the two legal theories are intertwined does not preclude recovery of attorney's fees under § 12-341.01(A) as long as the cause of action in tort could not exist but for the breach of the contract."[13]  Applying the above principles, the court ruled that the tort of bad faith is one "arising out of a contract" within the meaning of § 12-341.01(A) because "the tort of bad faith cannot be committed absent the existence of an insurance contract and a breach thereof."  On the other hand, the court ruled that an action for misrepresentation under the Insurance

---

[9]*Marcus v. Fox*, 723 P.2d 682, 684 (Ariz. 1986) (in banc) (citing *Wenk v. Horizon Moving & Storage Co.*, 639 P.2d 321, 322 (1982)).

[10]*Id.* at 683.

[11]647 P.2d 1127 (Ariz. 1982).

[12]*Sparks*, 647 P.2d at 1141.

[13]*Id.*

Code is not one arising out of contract because "[s]uch an action sounds mainly in tort and its existence does not depend upon a breach of the contract of insurance."[14]

In *Marcus v. Fox*, a party to a contract sued another party to a contract, alleging fraudulent inducement.[15]  The Arizona Supreme Court held that where the validity of a contract was challenged on grounds of fraudulent inducement, the claim was one "arising out of contract" within the meaning of A.R.S. § 12-304.01(A).[16]  The court cautioned, however, that "attorneys' fees are not appropriate based on the mere existence of a contract somewhere in the litigation."[17]

In *Morris v. Achen Construction Company*, a homeowner filed suit against a contractor and certain named employees for breach of contract, negligence and fraud.[18] The court held that an employee who successfully defended the homeowner's fraud claim against him was not eligible for an award of attorney's fees under A.R.S. § 12-341.01(A) because the tort of fraudulently "inducing one to enter into a contract with a third party is not the type of tort falling within the ambit of A.R.S. § 12-341.01(A)."[19]  The court reasoned that the duty not to commit fraud is not created by a contractual

---

[14]*Id.* at 1142.

[15]723 P.2d 682 (Ariz. 1986) (in banc).

[16]*Marcus*, 723 P.2d at 684-85.

[17]*Id.* at 684.

[18]747 P.2d 1211 (Ariz. 1988) (in banc).

[19]*Morris*, 747 P.2d at 1213.

relationship and exists, as here, even when there is no contractual relationship between the parties.[20]

Here, plaintiff's complaint alleges that 1) defendant Kathy Jamieson agreed to hold title to two properties in her name and then transfer title to plaintiff, but did not transfer title; 2) Ms. Jamieson agreed to close the sale of a third property in plaintiff's name, but closed the sale in her own name; 3) Ms. Jamieson made these false representations in order to steal the properties from plaintiff; 4) "[p]laintiff was damaged by Kathy's frauds, as he did not have the benefit of title to the properties, and has lost their value"; and, 4) defendant James Jamieson "is liable for the damages sought against Kathy as her co-conspirator."[21]  Plaintiff's complaint alleges claims for fraud, violation of Arizona's Consumer Fraud Statute, A.R.S. § 44-1522, punitive damages, unjust enrichment, interference with privacy, and conversion.

Considering the "nature of the action and the surrounding circumstances," the instant case is much more like *Morris*, than *Marcus* or *Sparks*.  The alleged oral agreements in this action regarding the transfer of properties formed "a factual predicate to the action" but not "the essential basis of it."[22]  Plaintiff's complaint does not contest the validity of any alleged contract, allege a breach of contract claim, or seek damages arising out of a breach of contract.  Rather, plaintiff's action for general fraud and consumer fraud sounds mainly in tort, and its existence does not depend upon a breach

[20]*Id.*

[21]Complaint at 13, doc. 1.

[22]*In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837 (9th Cir. 2001).

-7-

of the alleged oral agreement.[23] Furthermore, plaintiff's claims for damages and punitive damages are all based on allegations of fraud, not allegations of breach of contract.[24]

Moreover, defendant James Jamieson was not a party to any alleged oral agreement between Kathy Jamieson and plaintiff.  Here, as in *Morris*, plaintiff's action against defendant James Jamieson is "wholly an action for damages for fraud where the alleged fraud is claimed to have resulted in one party entering into a contract with a third party.  Nothing in A.R.S. § 12-341.01(A), *Sparks*, *Marcus*, or *Barmat*, justifies an award of attorneys' fees as between these parties."[25]  For the reasons stated above, the court finds that plaintiff's action against defendant James Jamieson is not an action "arising out of a contract" and defendant is not entitled to an award of attorney's fees under A.R.S. § 13-341.01(A).

Defendant alternatively requests an award of attorney's fees "pursuant to this Court's inherent powers to sanction objectionable conduct and frivolous pleadings."[26]  Assuming without deciding that this court does in fact have "inherent powers to sanction objectionable conduct or frivolous pleadings" through an award of attorney's fees, the court denies defendant's request for sanctions.  In its order dated February 9, 2007, the court denied defendant's motion for sanctions under Federal Rule of Civil Procedure 11 on the grounds that defendant failed to comply with the procedural requirements set

---

[23] *Marcus*, 723 P.2d at 685 n.1.

[24] *Morris*, 747 P.2d at 1212.

[25] *Id.* at 1213.

[26] Doc. 15 at 4.

forth in Rule 11.[27]  "Federal Rule of Civil Procedure 11 contains prerequisites and protections for parties, who are accused of violating its strictures, and parties should be able to rely upon those in federal court proceedings."[28]  An award of sanctions under the court's "inherent powers to sanction" would in effect allow defendant to circumvent the prerequisites and protections of Rule 11.

## IV.  CONCLUSION

For the reasons set out above, defendant's motion for an award of attorney's fees and costs at docket 13 **DENIED**.

DATED at Anchorage, Alaska, this 13th day of April 2007.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[27]Doc. 12.

[28]*Larry's Apartment*, 249 F.3d at 839.